**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Mers Kutt, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **2:19-CV-00316-RWS** |
| Apple Inc., et al., | § | |
| | § | |
| **Defendants** | § | |

## JONES DAY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT

Jones Day respectfully moves this Court to dismiss the complaint of plaintiff Mers Kutt for insufficient process and insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).  Jones Day also moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), or, in the alternative, for lack of subject matter jurisdiction under Rule 12(b)(1).

### I.       INTRODUCTION

On September 20, 2019, plaintiff filed this *pro se* action, seeking damages of $350 billion against Jones Day and more than 40 other defendants.  Plaintiff brought his claims to this Court only after having had three similar *pro se* complaints dismissed by the United States District Court for the Eastern District of Virginia.  Now before the Eastern District of Texas, plaintiff alleges patent infringement by "7 billion products," as well as "antitrust," "breach of agreements," "obstruction," "theft," and "criminal actions," although his complaint does not intelligibly plead any of these claims.  Instead, the complaint makes a series of disjointed and conspiratorial accusations against corporations, attorneys, Jones Day, judges, banks, and

condominium representatives, dating back decades.  More particularly, the complaint alleges a "hidden scam" of "Keeping Secrets and Spreading Lies."  This scam, the Plaintiff asserts, "is actually the major cause" of threats to "the survival of the world," such as "nuclear warfare," "terrorists," and "global warming."

Because delusional allegations cannot satisfy the federal pleading standard for a plausible claim, this Court should dismiss plaintiff's complaint with prejudice.  In the alternative, the Court should dismiss the complaint as too insubstantial to invoke the Court's subject matter jurisdiction.  Plaintiff's complaint should also be dismissed for improper service because plaintiff has attempted to serve his complaint on Jones Day without issuing a summons, and by priority mail.  In the alternative, plaintiff's attempt at service should be quashed.

## II.      ISSUES TO BE DECIDED BY THE COURT

1.)      When plaintiff has not caused summons to be issued, and has sent his complaint, without a summons, by priority mail, should the complaint be dismissed for insufficient process and/or insufficient service on defendant under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)?  In the alternative, should plaintiff's attempted service be quashed?

2.)      Should plaintiff's complaint be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because its allegations do not meet the plausibility standard of Federal Rule of Civil Procedure 8(a)?

3.)      Alternatively, should plaintiff's complaint be dismissed under Federal Rule of Civil Procedure 12(b)(1) because it alleges scenarios that are too insubstantial to confer federal subject-matter jurisdiction?

### III.    FACTUAL BACKGROUND

**A.    Plaintiff's Complaint in the Eastern District of Texas and His History of Prior Litigation.**

Plaintiff Mers Kutt filed his *pro se* complaint in the Eastern District of Texas, Marshall Division, on September 20, 2019.[1] His 64-page complaint, supplemented by more pages of attachments, names over 40 defendants, including corporations such as Apple and Microsoft, banks, attorneys, the Jones Day law firm, and condominium associations and their alleged representatives.  (S*ee* Compl. ¶ 71.)[2]

Mr. Kutt alleges that he is a Canadian citizen, an "internationally renowned pioneer and inventor in the computer field" (Compl. ¶ 63),[3] and the owner of U.S. Patent No. 5,506,981 (s*ee* Compl. ¶¶ 38, 73).  He also claims to be the "Father of the Personal Computer" who "Raised the PC to Reign Supreme Worldwide." (Compl. heading at p. 30.)  He alleges patent infringement by seven billion products (*see, e.g.,* Compl. ¶¶ 4, 10), "violation of antitrust laws, breach of agreements, obstruction, and theft" (Compl. ¶ 2), and "[c]riminal actions which are a high priority because timely rulings may prevent 1 or more serious world disasters" (Compl. ¶ 3.c.).

Plaintiff alleges a "hidden 'scam'" that threatens the survival of the world and is "the major cause" of threats of "nuclear warfare," "terrorists," and "global warming."  (*See, e.g.,* Compl. ¶¶ 22-25.)  His complaint sometimes refers to this alleged scam as "Keeping Secrets and Spreading Lies." (*See, e.g.,* Compl. ¶¶ 35(1), 49, 56.)  Intermingled with accusations of patent-

---

[1] Compl., *Kutt v. Apple Inc.*, No. 2:19-CV-00316-RWS (E.D. Tex. filed Sept. 20, 2019), ECF No. 1.

[2] The referenced paragraph 71 is found on pages 20-23 of the complaint.  The paragraphs of the complaint are not always consecutively numbered, and some paragraph numbers are repeated, but on different pages of the complaint and with different allegations.

[3] The referenced paragraph 63 is found on page 19 of the complaint.

infringement and depictions of a "secrets and lies" scam, the plaintiff also complains about the foreclosure of his "beach condo in Fort Lauderdale," (*see* Compl. ¶ 39), and about a contract dispute with Jones Day, to which he attributes his need for a subprime mortgage (*see, e.g.,* Compl. ¶¶ 45, 71(34),[4] 109, 110, 128, 129, 132, 134, 183).  Although none of his allegations against Jones Day is comprehensible, the following paragraph is typical:

> The abrupt change was the result of the giant computer corporations of the world closing in on him largely because he kept making their products obsolete too early, but also for being caught n [sic] the sub-prime fiasco and they were respectively led by defendant IBM and the combination i [sic] of defendants J P Morgan Chase and Jones Day.

(Compl. ¶ 109.)

Plaintiff's complaint seeks damages in excess of $350 billion (*see* Compl. ¶ 203), or up to $1 trillion (*see* Compl. ¶ 112).  With that money, plaintiff plans to redistribute the world's wealth.  (*See* Compl. at ¶ 35.)  "This would make a huge positive impact on removing threats to the survival of the world and is a very small price to pay for a safer world," he alleges.  (Compl. ¶ 35(12).)  Plaintiff additionally provides a "Special Offer" to "accept a limited number of settlements at a substantial discount . . . prior to the first hearing . . . ."  (Compl. ¶ 115.)

Before plaintiff filed this *pro se* complaint in the Eastern District of Texas, he filed three similar *pro se* complaints in the Eastern District of Virginia between 2012 and 2017.  Each of those prior complaints was dismissed *sua sponte* without prejudice—the first for lack of standing,[5] and the second and third because the patent defendants were misjoined under 35 U.S.C. § 299 and for lack of any significant relationship between the actions and the Eastern

---

[4] The referenced paragraph 71(34) is found on page 22 of the complaint.

[5] Complaint, *Kutt v. Intel Corp.*, No. 1:12-CV-1489-GBL-TRJ (E.D. Va. filed Dec. 21, 2012), 2012 WL 6760773, ECF No. 1; *dismissed by Kutt v. Intel Corp.*, No. 1:12-CV-1489-GBL-TRJ (E.D. Va. dismissed Feb. 20, 2013), ECF No. 4 [Exhibit 1].

District of Virginia.[6]  The Federal Circuit also dismissed an appeal by Mr. Kutt for want of prosecution when he failed to pay the docket fee or file a brief.[7]

### B.      Plaintiff's Failure to Issue Summons and Attempted Service by Priority Mail.

Plaintiff has neither sought nor obtained issuance of summons addressed to any defendant since filing this case on September 20, 2019.  Nevertheless, a document that appears to be a copy of plaintiff's complaint, accompanied by another document entitled "attachments," was sent by United States Postal Service Priority Mail to Jones Day at its Chicago, Illinois address.[8]  That complaint was received by Jones Day's Chicago mailroom on September 27, 2019.  (S. Suchy Decl. ¶ 2.)  The mailing did not include any summons.  (S. Suchy Decl. ¶ 2.)

The "Priority Mail" envelope that contained plaintiff's complaint and attachments had the name "Mers Kutt" in its return address.  (S. Suchy Decl. ¶ 3.)  On September 25, 2019, plaintiff mailed a letter to the Clerk of this Court, stating, among other things, "Today the 40 copies of the Complaint plus attachments were Priority Mailed by Ms. Mary Margaret Hanan on my behalf

---

[6] Complaint, *Kutt v. Apple, Inc.*, No. 1:15-CV-1657-LMB-IDD (E.D. Va. filed Oct. 26, 2015), ECF No. 1; *dismissed by Kutt v. Apple, Inc.*, No. 1:15-CV-1657-LMB-IDD (E.D. Va. dismissed Dec. 17, 2015), ECF No. 12. [Exhibit 2]; Complaint, *Kutt v. Apple, Inc.*, No. 1:17-CV-0081-LMB-IDD (E.D. Va. filed Jan. 10, 2017), ECF No. 1; *dismissed by Kutt v. Apple, Inc.*, No. 1:17-CV-0081-LMB-IDD (E.D. Va. dismissed Jan. 24, 2017), (ECF No. 6) (dismissing for "the same defects as were pointed out to plaintiff" in his "nearly identical lawsuit" in 2015) [Exhibit 3].

[7] *See* Order *Kutt v. Apple Inc.*, No. 16-1484 (U.S. Ct. App. Fed. Cir. Dismissed Feb. 5, 2016), ECF No. 2 [Exhibit 4].

[8] S. Suchy Decl. [Exhibit 5]; Priority Mail envelope [Exhibit 6]; Complaint and "Attachments" [Exhibit 7].

and attached is a copy of receipt from the Niagara Falls, NY main post office. . . ."[9]  With the

letter was a U.S. Postal Service cash receipt for "Mailing priority flat rate envelopes."[10]

## IV.    ARGUMENT AND AUTHORITIES

### A.    The Complaint Should Be Dismissed for Insufficient Process and Insufficient Service of Process.

#### 1.    Plaintiff has not caused a summons to issue, and his attempted service of the complaint without a summons was insufficient.

The Court should dismiss this lawsuit under Rules 12(b)(4) and 12(b)(5), or in the

alternative quash service, because plaintiff has failed to have a summons issued, and his attempt

to serve his complaint on Jones Day without a summons was insufficient.  *See IntelliGender,*

*LLC v. Soriano*, No. 2:10-CV-125-TJW, 2011 WL 903342, at *4-5 (E.D. Tex. Mar. 15, 2011)

(noting that a party may move to dismiss a pleading under Rule 12(b)(4) for insufficient process

and under Rule 12(b)(5) for insufficient service of process).

Under Rule 4(b), summons "must be issued for each defendant to be served."[11]

Obtaining issuance of a summons is the responsibility of the plaintiff, even when he files suit

*pro se*.  *Kersh v. Derozier*, 851 F.2d 1509, 1510-12 (5th Cir. 1988).  Here, because no summons

issued under Rule 4(b), the plaintiff has not undertaken even the first required step for service of

process under Rule 4.

Plaintiff's serving the complaint by itself was insufficient.  Rule 4(c)(1) requires that a

"summons must be served with a copy of the complaint."  "Serving Defendant with one but not

---

[9] Letter, *Kutt v. Apple Inc.*, No. 2:19-CV-00316-RWS (E.D. Tex. filed Sept. 30, 2019), ECF No. 2-1.

[10] Cash Receipt, *Kutt v. Apple Inc.,* No. 2:19-CV-00316-RWS (E.D. Tex. filed Sept. 30, 2019), ECF No. 2-1.

[11] *See also* E.D. Tex. Local Rule CV-4(a) ("[T]he plaintiff must prepare and submit a summons to the clerk for each defendant to be served with a copy of the complaint."); Fed. R. Civ. P. 4(a) (required contents of summons).

the other . . . renders service invalid." *Styles v. McDonalds Rest.*, No. 4:17-CV-791-ALM-CAN, 2019 WL 2266636, at *4 (E.D. Tex. Jan. 28, 2019), *report and recommendation adopted*, No. 4:17-CV-791, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019) (footnote omitted) (granting Rule 12(b)(5) motion to dismiss).  Other courts and commentators agree.  *See*, *e.g.*, *Chapman v. Trans Union LLC*, No. H-11-553, 2011 WL 2078641 at *1, *3 (S.D. Tex. May 26, 2011) (conditionally granting dismissal when plaintiff had mailed his complaint to defendants but "caused no summons to issue and did not serve any party with summons"), *complaint dismissed without prejudice by Chapman v. Trans Union LLC*, No. 4:11-CV-00553, slip. op. at 2 (S.D. Tex. Aug. 20, 2011); *Al-Harbi v. Coronado Country Club*, No. EP-04-CA-0285-DB, 2005 WL 1020893, at *1–2 (W.D. Tex. Apr. 29, 2005) (holding service of only the complaint, and not the summons, to be ineffective); 4A Fed. Prac. & Proc. Civ. § 1093 (4th ed.) ("[S]ervice of the complaint without the summons has been found to be ineffective.").

### 2.    Plaintiff's attempted service by priority mail also was insufficient.

Because priority mail was not a proper method by which to serve Jones Day, the complaint should be dismissed or service quashed.  Rule 4(h)(1) authorizes service on a partnership within a judicial district of the United States in one of two ways.  Either the plaintiff must serve the defendant under Rule 4(h)(1)(A), "in the manner prescribed by Rule 4(e)(1) for serving an individual," or the plaintiff must serve the defendant's authorized agent by personal delivery under Rule 4(h)(1)(B).  Here, because the plaintiff attempted mail service—not service by personal delivery—only Rule 4(h)(1)(A) can apply.

Rule 4(h)(1)(A) incorporates service under Rule 4(e)(1)—that is, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  This Court is located in the State of Texas, and the plaintiff attempted service in the State of Illinois.  And neither Texas nor Illinois

authorizes service by priority mail.  *See* 735 ILL. COMP. STAT. 5/2-205 (generally requiring

personal service on a partnership); *Winegarner v. Cinemark Holdings, Inc.*, No. 4:09-CV-627,

2010 WL 2901871, at *3 (E.D. Tex. June 30, 2010) ("Priority mail is not authorized" for service

under Texas Rule 106(a)(2).), *report and recommendation adopted, Winegarner v. Cinemark*

*Holdings, Inc.,* No. 4:09-CV-627, 2010 WL 2901867 (E.D. Tex. July 21, 2010).[12]

**B.**     **The Complaint Should Also Be Dismissed Under Rule 12(b)(6) or Rule 12(b)(1).**

Plaintiff's allegations fail the plausibility standard required to state a claim for relief and

cannot be cured by repleading.  Accordingly, the Court should dismiss the complaint with

prejudice under Rule 12(b)(6).  Alternatively, the Court should dismiss the complaint under Rule

12(b)(1) as too insubstantial to invoke federal subject matter jurisdiction.

**1.**     **Rule 12(b)(6) dismissal is appropriate.**

Dismissal of a complaint under Rule 12(b)(6) is appropriate if it fails to "state a claim for

relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When

a *pro se* complaint is "clearly baseless," describing "fantastical or delusional scenarios," Rule

12(b)(6) dismissal is appropriate.  *Starrett v. United States Dep't of Def.*, 763 F. App'x 383, 383-

84 (5th Cir. Apr. 3, 2019) (per curiam) (unpublished), c*ert. denied,* No. 18-1574, 2019 WL

4921471 (U.S. Oct. 7, 2019).  This Court and others have dismissed implausible allegations with

prejudice, and without an opportunity to replead.  *See, e.g.*, *Johnson v. Zuckerberg,* No. 2:17-

CV-00261-JRG-RSP, 2017 WL 5468295, at *2 (E.D. Tex. Oct. 16, 2017) (Complaint may be

dismissed when its allegations "are fanciful, fantastic, and delusional, or when the factual

---

[12] *See also*, *Winegarner v. Cinemark Holdings, Inc.,* No. 4:09-CV-627, 2010 WL
5489617 at *3 (E.D. Tex. Oct. 27, 2010), *report and recommendation adopted,* No. 4:09-CV-
627, 2011 WL 13837 (E.D. Tex. Jan. 4, 2011) (reiterating that when plaintiff had attempted to
serve by priority mail and by certified mail, "[t]he Court found that priority mail was not
authorized").

allegations rise to the level of the irrational or the wholly incredible."), *report and recommendation adopted*, No. 2:17-CV-00261-JRG-RSP, 2017 WL 5257043 (E.D. Tex. filed Nov. 9, 2017) (dismissing plaintiff's claims against all defendants with prejudice).

Plaintiff's complaint pleads neither the legal elements nor factual support for any cause of action against Jones Day. All that can be gleaned from his allegations of patent-infringement, contract, and antitrust is that the plaintiff believes someone harmed him. That is insufficient under *Twombly*. 550 U.S. at 555 (Federal Rule 8(a) pleading "demands more than an unadorned, the-defendant-harmed-me accusation."). As this Court recognized in *Johnson,* even a *pro se* plaintiff has no license to file suits that "harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Johnson*, 2017 WL 5257043, at *1. Rule 12(b)(6) dismissal with prejudice is warranted here.

### 2. Alternatively, Rule 12(b)(1) dismissal is appropriate.

The allegations of Plaintiff's complaint alternatively warrant dismissal under Rule 12(b)(1) for lack of federal subject matter jurisdiction. *See*, *e.g.*, *Smith v. Osborne*, No. 4:18:CV-906-ALM-CAN, 2019 WL 4383337, at *2-3 (E.D. Tex. Aug. 18, 2019), *report and recommendation adopted*, No. 4:18-CV-906-ALM-CAN, 2019 WL 4345735 (E.D. Tex. Sept. 12, 2019) (granting Rule 12(b)(1) dismissal for allegations "absolutely devoid of merit, wholly insubstantial, obviously frivolous, or no longer open to discussion"). In *Smith*, the *pro se* plaintiff claimed to be "the victim of a vast conspiracy involving numerous public officials, federal agencies, … coworkers and neighbors." *Smith*, 2019 WL 4383337, at *1. This Court dismissed under Rule 12(b)(1) without granting leave to amend: "Plaintiff cannot cure the deficiencies in his pleading with further amendment because there is no plausible argument or legal basis suggesting that he is entitled to the relief he seeks." *Smith,* 2019 WL 4383337, at *4.

Such complaints, based on conspiracy theories, fantastic scenarios, and delusional allegations, warrant dismissal.[13]  *See Smith*, 2019 WL 438337, at *3.

Like the complaint in *Smith*, plaintiff's complaint here is "clearly out of the realm of reality."  *Smith,* 2019 WL 438337, at *3 (citations omitted).  Plaintiff's allegations, "while no doubt substantial in his own mind, are of the truly fanciful type that are properly dismissible."  *Smith*, 2019 WL 4383337, at *3 (citations omitted).  Accordingly, Rule 12(b)(1) provides an alternate ground to dismiss them.

## V.    CONCLUSION

Defendant Jones Day respectfully requests that plaintiff's complaint be dismissed, or service quashed, for plaintiff's failure to issue or serve a summons, and for his improper service of the complaint by priority mail.  Jones Day further requests that this Court dismiss plaintiff's complaint with prejudice and without leave to amend under Rule 12(b)(6).  Alternatively, Jones Day requests dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.

---

[13] Dismissal authority under Rule 12(b)(1) is not limited to complaints filed *in forma pauperis*, but extends equally to complaints where the plaintiff has paid a filing fee.  "District courts have the inherent authority to dismiss a *pro se* litigant's frivolous . . . complaint *sua sponte* even when the plaintiff has paid the requir[ed] filing fee."  *Smith*, 2019 WL 4383337, at *3 n.8 (quoting *Pope v. Mountcastle Mortg. Corp.*, No. 3-11-CV-1689-B, 2011 WL 4986927, at *1 (N.D. Tex. Oct. 18, 2011)).

Dated: October 18, 2019

Respectfully submitted,

*/s/ Richard J. Johnson*

Richard J. Johnson
Texas Bar No. 24088799
jjohnson@jonesday.com
Michael A. Erdmann
Texas Bar No. 24055453
merdmann@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

**COUNSEL FOR JONES DAY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 18, 2019, the foregoing document was submitted to the clerk of the Court for the U.S. District Court, Eastern District of Texas, and served on counsel for all parties through the electronic service system in compliance with Local Rule CV-5.  A copy has also been sent via electronic mail and Registered Mail to:

> Mers Kutt, Plaintiff *acting pro se*
> 63 Highland Park Blvd.
> Markham, ON, L3T 1B4
> Canada
> mk@merskutt.com
> mers@allcomptersinc.com
> mers@allcomputersinc.com

*/s/ Richard J. Johnson*
Richard J. Johnson