**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MERS KUTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No. **2:19-CV-00316-RWS** |
| **v.** | § | |
| | § | |
| **APPLE INC. et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT GOOGLE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE COURT:

## I.    INTRODUCTION

Plaintiff Mers Kutt filed this pro se action against Google[1] and more than 40 other Defendants. Kutt alleges patent infringement by "almost 7 billion products" and seeks damages of $350 billion.  Kutt also alleges various defendants have committed "violation of antitrust laws, breach of agreements, obstruction, and theft."

Google respectfully requests that this Court to dismiss the claims against it on the following grounds:

(1) Insufficient process and insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5);

(2) Improper venue under Rule 12(b)(3);

(3) Improper joinder under 35 U.S.C. § 299(a); and

(4) Failure to state a claim upon which relief can be granted under Rule 12(b)(6).

---

[1] Google is named in the Complaint as "Google Corporation," but its proper name is Google LLC.

In light of Plaintiff's prior suits and the futility of his claims, Google requests that the amended complaint be dismissed with prejudice in order to preserve the Court's and the parties' resources.

## II.    FACTS

### A.    The Patent In Suit

The complaint alleges infringement of U.S. Patent No. 5,506,981 (the "'981 patent"). Am. Compl. ¶ 1 & Prayer for Relief (ECF No. 20). The '981 patent is a continuation-in-part of, and thus claims priority to, a parent application that was filed on March 29, 1993. ECF No. 2 at 1 (face page of the '981 patent). The '981 patent issued on April 9, 1996. *Id.*

### B.    Kutt's Prior Suits

Kutt has alleged infringement of the '981 patent in three prior lawsuits.  *See* Am. Compl. ¶¶ 78 (page 30)[2], 87 (page 31) (alleging prior suits in E.D. Va.).  The last of these suits was dismissed on January 24, 2017.  *Kutt v. Apple, Inc.,* No. 17-cv-81, slip op. at 2 (E.D. Va. Jan. 24, 2017) (copy attached to Mann Decl. as Ex. A).[3]  In that matter, the court concluded that the complaint "suffers from the same defects as were pointed out to plaintiff" in a December 17, 2015 order dismissing a prior suit. *Id.* at 1.  In the 2015 order that is cited in the 2017 dismissal, the court dismissed the prior suit for improper joinder of 39 separate defendants, and for improper venue.  *Kutt v. Apple, Inc.,* No. 15-cv-1657, slip op. at 1-2 (E.D. Va. Dec. 17, 2015)

---

[2] After paragraph 127 of the Amended Complaint, the paragraph numbering repeats starting again with paragraph 63. Where necessary to avoid ambiguity, this brief cites page numbers in addition to paragraph numbers.

[3] The docket and orders from the prior suits may be considered on a motion to dismiss because they are public records that are subject to judicial notice. Fed. R. Evid. 201; *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

(copy attached to Mann Decl. as Ex. B).  The docket does not reflect a notice of appeal from the 2017 dismissal.  Mann Decl. ¶ 4.

### C.    The Present Suit

The present lawsuit was filed on September 20, 2019.  *See* ECF No. 1.  Kutt filed an amended complaint on November 25, 2019.  *See* ECF No 20.  The amended complaint barely references Google; it alleges Kutt contacted Google at some point during a 24 year period (*id.* ¶ 81 (page 16), refers to Google's prominence and alleged size (*id.* ¶ 63 (page 26)), and identifies Google's headquarters (*id.* ¶ 66(9) (page 27)). The amended complaint does not identify any Google product or service that allegedly infringes the '981 patent.

Kutt has not provided Google with a copy of the summons, which notably does not have the correct address for Google.[4]

### III.    ARGUMENT

### A.    Google Has Not Been Properly Served

Google moves to dismiss, at least, under Rule 12(b)(4) for insufficient process and under Rule 12(b)(5) for insufficient service of process because Google has not been properly served with a summons and complaint.

To effectuate service, "[a] summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  Kutt has not provided Google with a summons by *any* means, and thus has not properly served Google.  Moreover, it appears that Kutt is attempting service by certified mail.  *See* ECF No. 26 at 2 (asserting that Kutt has "learned that certified mail delivery" is "called for" and that he "will do that upon receiving permission from the court to send the

---

[4] The summons lists the service address for Google as "600 Amphitheatre Parkway, Mountain View CA 94043."  ECF No. 22-5.  Google's street address is *1600* Amphitheatre Parkway.

amended complaint"). But the sending of a summons and complaint via certified mail *by Kutt,* even if he had done so, is not an authorized method pursuant to the rules.

Rule 4(h) and 4(e)(1) together allow service on in accordance with the law of the state where the action is pending or where service is attempted. This Court is located in Texas and Kutt appears to have attempted service on Google in California. California does not permit service by certified mail. Cal. Code Civ. Proc. § 415.30 (requiring that personal service be attempted with reasonable diligence). And Texas law only allows service by certified mail if it is sent by a person "authorized" by Rule 103. Tex. R. Civ. P. 106(a). Texas Rule of Civil Procedure 103 only authorizes service by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103. Rule 103 further states that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit." *Id.; see Rothschild Connected Devices Innovations, LLC v. ADS Sec., L.P.,* No. 2:15-cv-01431-JRG-RSP, 2019 WL 4458433, at *7 (E.D. Tex. Aug. 13, 2019) (rejecting service by certified mail when it was sent by party's counsel). Kutt is not an authorized person, and thus has not properly served the complaint under either Texas or California rules.

Failure to serve a defendant within 90 days of the filing of the complaint is grounds for dismissal. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also Styles v. McDonalds Rest.*, No. 4:17-cv-791-ALM CAN, 2019 WL 2266636, at *5 (E.D. Tex. Jan. 28, 2019), *report and recommendation adopted,* No. 4:17-cv-791,

2019 WL 1219117 (E.D. Tex. Mar. 15, 2019) (granting motion to dismiss under Rule 12(b)(5) for failure to properly serve Defendant).

Kutt filed his original complaint on September 20, 2019.  ECF No. 1.  Accordingly, because Google was not properly served by December 19, 2019, the claims against Google should be dismissed.

### B.    Venue Is Improper

The only proper venue for a patent infringement action is a district where (a) the defendant resides, or (b) where the defendant has committed acts of infringement and has a "regular and established place of business."  28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514, 1518-19 (2017).  The plaintiff has the burden of proving that venue is proper.  *Personal Audio, LLC v. Google, Inc.,* 280 F. Supp. 3d 922, 924 (E.D. Tex. 2017).

Google is a Delaware limited liability company, and its principal place of business is in Mountain View, California. *See* Mann Decl., Ex. C; Am. Compl. ¶ 66(9) (page 27).  Nothing in the amended complaint suggests that Google has a regular and established place of business in the Eastern District of Texas.  Kutt therefore has failed to meet his burden to establish that venue is proper in this district.

Because venue in this district is improper, dismissal under Rule 12(b)(3) or transfer under 28 U.S.C. § 1406(a) is proper.  *Sanders v. Seal Fleet, Inc.,* 998 F. Supp. 729, 732-33 (E.D. Tex. 1998).  Here, because Kutt's claims are barred by the statute of limitations, *see infra,* Part III, D.2., Google submits that dismissal is the more appropriate course of action.  Given the futility of Kutt's claims, it would be a waste of judicial resources to transfer the case.

## C.     Google Should Be Dismissed For Improper Joinder

The Court can also dismiss Google from the case for improper joinder.  In a patent infringement

case, parties may be joined in a single action only if:

> (1)     any right to relief is asserted against the parties jointly, severally, or in the
> alternative with respect to or arising out of the same transaction, occurrence, or
> series of transactions or occurrences relating to the making, using, importing into
> the United States, offering for sale, or selling of the same accused product or
> process; and

> (2)     questions of fact common to all defendants or counterclaim defendants will arise
> in the action.

35 U.S.C. § 299(a). Here, nothing in the complaint suggests that either prong of section 299(a) is

met.   Notably, "accused infringers may not be joined in one action . . . based solely on

allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b).

Where parties are misjoined, as here, the Court may, "on just terms, . . . drop a party."

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.,* 287 F. Supp. 3d 651, 653 (E.D. Tex. 2018).

Kutt has previously been apprised of the limitations on joining multiple defendants in a single

suit.  Mann Decl., Ex. B at 1 (2015 Order) & Ex. A at 1 (referring to 2015 Order).   Nonetheless,

he has again filed a single suit against dozens of alleged patent infringers, with no allegations

suggesting that joinder is proper.   On these facts, Google submits that the interests of justice

would be served by dismissing it from this case.

## D.     The Amended Complaint Fails To State A Claim Upon Which Relief May Be Granted.

### 1.     The amended complaint fails to allege facts rendering it plausible that Google infringes

Kutt's claims should also be dismissed under Rule 12(b)(6) for failure to state a claim. A

complaint must contain "facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 547 (2007).   Dismissal with prejudice may be appropriate

where the claims are "outlandish" and "facially implausible. *Starrett v. United States Dep't of Def.*, 763 F. App'x 383, 384 (5th Cir.), *cert. denied sub nom. Starrett v. Dep't of Def.*, 140 S. Ct. 142 (2019). That is the case here. Kutt includes dozens of paragraphs of irrelevant allegations but nowhere accuses a single Google product of infringing the '981 patent. Nor does Kutt identify any form of cognizable harm. Dismissal with prejudice would preserve the Court's and parties' resources.

### 2.     The expiration of the patent, more than six years ago, bars all remedies

Because the '981 patent issued from an application filed before June 8, 1995, it expired on the later of (a) 20 years from its filing date, or (b) 17 years from the date the patent issued. 35 U.S.C. § 154(c)(1). If the application contains a "specific reference to an earlier filed application" under 35 U.S.C. § 120, as is the case here, then the relevant filing date is "the date on which the earliest such application was filed." *Id.* § 154(a)(2). Here, the face of the '981 patent specifically refers to an earlier application filed on March 29, 1993. ECF No. 2 at 1.[5] Seventeen years after the date the '981 patent issued was April 9, 2013. Twenty years after the relevant filing date is March 29, 2013. The '981 patent's term ended on the later of these two dates—April 9, 2013.

Patent infringement can only occur "during the term of the patent." 35 U.S.C. § 271(a). Because the patent has expired, Kutt cannot obtain equitable relief.

Likewise, Kutt cannot recover damages. Kutt filed this lawsuit on September 20, 2019— more than six years after the '981 patent expired. But damages cannot be recovered "for any

---

[5] The '981 patent issued as a continuation-in-part of the prior application. ECF No. 2 at 1. It is irrelevant, however, whether any claims of the '981 actually are entitled to priority based on the prior application, because priority "shall not be taken into account in determining the term of a patent." *Id.* § 154(a)(3); *Natural Alternatives Int'l, Inc. v. Iancu,* 904 F.3d 1375, 1383 (Fed. Cir. 2018).

infringement committed more than six years prior to the filing of the complaint."  35 U.S.C. § 286.

Nor can Kutt's amended complaint be saved by equitable tolling.  Equitable tolling preserves a plaintiff's claim where strict application of the statute of limitations would be inequitable.  *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995).  Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some "extraordinary way" from asserting his rights.  *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996).  Nothing in the amended complaint suggests that Google has actively misled Kutt or that something extraordinary prevented him from asserting his rights.

Regardless, equitable tolling does not apply where a plaintiff has not diligently pursued his claim.  *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). Here, over two years have passed since Kutt's most recent '981 patent lawsuit was dismissed in 2017.  Mann Decl., Ex. A (2017 Order).  On these facts, Kutt is not entitled to equitable tolling.  *Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001) (delay of four months bars equitable tolling).

> ### E. The Amended Complaint Should Be Dismissed With Prejudice Because Amendment Would Be Futile In View Of The Expiration Of The Patent More Than Six Years Before The Filing Of This Action

The amended complaint should be dismissed with prejudice because any amendment would be futile.  The patent has expired, and six years have passed. Because of this, there is no amendment Kutt could make that would allow him to pursue injunctive relief or damages. As such, the Court should dismiss the amended complaint with prejudice.  *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) ("leave to amend need not be granted when it would be futile to do so" such as when "the statute of limitations has run").

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its motion to dismiss with prejudice.

Dated: December 23, 2019                    Respectfully submitted,


By:    _____/s/ J. Mark Mann_____
**J. Mark Mann**
State Bar No. 12926150
mark@themannfirm.com
**G. Blake Thompson**
State Bar No. 24042033
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this 23rd day of December, 2019.

_____/s/ J. Mark Mann_____
**J. Mark Mann**