UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MERS KUTT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil No. 2:19-cv-316 [RWS] |
| APPLE INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## DEFENDANT AT&T CORP.'S REPLY IN SUPPORT OF ITS
## MOTION TO DISMISS UNDER RULES 12(b)(1), 12(b)(4), 12(b)(5) & 12(b)(6)

Out of an abundance of caution, AT&T files this Reply in Support of Its Motion to Dismiss (Dkt. 36, the "Motion") in case Plaintiff's Response (Dkt. 48, the "Response") was intended as an opposition to the Motion.  Plaintiff did not link his Response to the Motion and does not mention AT&T in the Response, and it would be untimely, in any event.  Moreover, the Response fails to rebut AT&T's primary points.  Plaintiff's Amended Complaint (Dkt. 20, the "Complaint") fails to state a claim upon which relief can be granted because it purports to assert a patent expired for over six years, for which there can be no recovery, and it otherwise lacks sufficient factual details to satisfy Rule 8(a).  The Response is wrong as a matter of law concerning the expiration date of the '981 patent.  No additional or amended allegations can change the fact that the '981 patent expired more than six years prior to the September 2019 filing of the original complaint, and the Complaint should therefore be dismissed with prejudice.

### I.    PLAINTIFF'S RESPONSE IS UNTIMELY

AT&T moved to dismiss the Complaint on December 16, 2019 and served Plaintiff on the same day.  Under L.R. CV-7(e), Plaintiff had "fourteen days . . . from the date the motion was served in which to file a response."  This means Plaintiff was required to file a response by December 30, 2019.  To the extent Plaintiff intended his Response filed January 8, 2020 as an opposition to AT&T's Motion, it is untimely.  And Plaintiff has yet to file a motion and show good

cause why the Response's late filing should be accepted as required by Rule 6(b)(1)(B), which requires "excusable neglect."

"A party's failure to oppose a motion in the manner prescribed creates a presumption that the party does not controvert the facts set out by a movant and has no evidence to offer in opposition to the motion." L.R. CV-7(d); *Stevens v. Conn's, Inc.*, No. 4:16-cv-309-ALM, 2019 WL 3717657, at *3. (E.D. Tex. August 7, 2018).  The Court should therefore accept any facts set forth by the Motion as true. *See Stevens*, 2019 WL 3717657, at *3.

## II.     THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RULE 12(b)(6)

### A.  Plaintiff's Patent Expired More Than Six Years Prior to Bringing Suit

It is undisputed that Plaintiff is entitled to no recovery if the only asserted patent expired more than six years prior to the filing of the complaint. *Hemphill v. Johnson & Johnson*, 919 F. Supp. 2d 48, 51 (D.D.C. 2013); *Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 46-47, 52 (D.D.C. 2015).  Plaintiff mistakenly argues in his Response that, because the '981 patent is a continuation-in-part (CIP) that includes "new claims solely relate[d] to new subject matter," its term should be calculated from "the filing date of the CIP application, which in this case is October 1, 1993, not March or April." Resp. at ¶ 40.  According to Plaintiff, "the date of October 1, 2013, 20 years from Oct 1, 1993, prevails as the 'many changes in the CIP are completely new and significant and with such CIPs the later filing date of October 1, 1993 applies." *Id*. at ¶ 39.

Not so.  A patent's term is distinct from its priority.  The patent's term is calculated from the priority date of the earliest application to which priority is claimed—even if the patent is a CIP related to new subject matter. *See* 35 U.S.C. § 154(c)(1); 35 U.S.C. § 154(a)(2); Robert A. Matthews, Jr., 1 ANNOTATED PATENT DIGEST § 9:18 (2019) ("If the patent arose from a continuation, continuation-in-part, or a divisional application, which claims the benefit of the earlier filing date of the United States parent application, the application filing date for purposes of calculating the patent term is measured from the filing date of the parent application."); 1 Moy's Walker on Patents § 11:22 (4th ed. 2003) ("Instead, the entire patent that issues from the

continuation-in-part application will receive a base term that expires at 20 years from the filing date of the earlier application."); 5 Chisum on Patents § 16.04[6][b] (2016) ("Section 154 measures patent term from the 'earliest' prior application if, but only if, the application on which the patent issues contains a 'specific reference' to it. If an applicant has filed a series of continuing applications, the applicant must decide which prior applications should be referred to. For example if the earliest application in a series does not contain sufficient disclosure support for any claim in a current application, the applicant would unnecessarily sacrifice patent term by referring to the earliest application.").

Courts confirm the plain meaning of the statute.  In *Clinicomp International*, the district court (1) determined, based on 35 U.S.C. § 154(a)(2), that a patent specifically referring to an earlier-filed application is bound by the application date of the earlier-filed application, regardless of whether the filing date is necessary for patentability; and (2) concluded that the 20-year term for a CIP is calculated from the filing date of the earliest-filed application referenced in the patent. *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17-cv-2479-GPC(BLM), 2018 WL 2229364, *7 (S.D. Cal. May 16, 2018).  The patent in question in *Clinicomp* was a CIP of an earlier application and, if its expiration date were based on the earlier priority date rather than the application date of the CIP, could not have been asserted in the lawsuit.  And that was the result.  Because the claim of priority determined the correct expiration date of the patent, the patent term ended prior to the recovery period provided by statute.  Thus the lawsuit—based on the priority claim of the CIP— was filed too late, and the court dismissed plaintiff's claims as untimely as a matter of law.

The Patent and Trademark Office (PTO) likewise confirms the plain meaning of 35 U.S.C. § 154(a)(2).  As *Clinicomp* acknowledged, the USPTO has stated:

> The term of a patent is not based on a claim-by-claim approach. Under 35 U.S.C. § 154(a)(2), if an application claims the benefit of the filing date of an earlier filed application under 35 U.S.C. §§ 120, 121 or 365(a), the 20-year term of that application will be based upon the filing date of the earliest U.S. application that the application makes reference to under 35 U.S.C. §§ 120, 121 or 365(a). For a CIP application, applicant should review whether any claim in the patent that will issue is supported in an earlier application. If not, applicant should consider canceling the reference to the earlier filed application.

*Id*. at *5.  The PTO in *In re Weder*, 2004 WL 5293044 (USPTO Aug. 30, 2004) applied the same reasoning to reject a Petitioner's argument that his application was entitled to a 20-year term from the priority date that is used for patentability and instead concluded that the patent term is measured from the earliest application to which there is a specific reference under 35 U.S.C. § 120, 121, or 365(c).  To the extent 35 U.S.C. § 154(a)(2) were ambiguous as to the term of a CIP, the USPTO's interpretation that a CIP's term is measured from its priority date regardless of any new matter is clearly reasonable and should be followed under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-45 (1984).

Here, the '981 patent is a continuation-in-part of a specifically cited March 29, 1993 parent application that issued April 9, 1996.  Under 35 U.S.C. § 154(c)(1), it expired the later of (1) 17 years from the issuance date of April 9, 1996—*i.e.*, April 9, 2013; or (2) 20 years from the filing date of March 29, 1993—*i.e.*, March 29, 2013. The '981 patent therefore expired no later than April 9, 2013, more than six years before Plaintiff filed this case.  As a result, no recovery is available, and the Complaint should be dismissed with prejudice.

### B.  Plaintiff's Amended Complaint Fails to Satisfy *Twombly* and *Iqbal*

Moreover, even after amendment, the Complaint still fails to plead factual details sufficient to state any plausible claim as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The Complaint includes nothing but barebone allegations of infringement. It is devoid of notice as to what is accused of infringement, fails to explain how any AT&T product infringes, lacks a single allegation directed at AT&T, and is missing any explanation as to how AT&T supposedly infringed the '981 patent or otherwise wronged Plaintiff. Mot. at 8-9.  The Response merely states that "every party in the Group B had the claims to Group B apply to each of the 28 Defendants in Group B, and there were many claims stated in the Amended Complaint." Resp. at ¶ 35.  Yet the Complaint still lacks a single specific allegation directed to AT&T and fails to provide any meaningful notice of what Plaintiff's claims are. *See* Complaint at ¶¶ 191, 203-212 (general allegation of infringement against Group B defendants).

4

Such generic allegations of infringement do not meet the pleading requirements of *Iqbal* and *Twombly. See Chapterhouse LLC v. Shopify, Inc.*, No. 2:18-CV-300-JRG, 2018 WL 6981828, *1 (E.D. Tex. Dec. 11, 2018) (dismissing complaint for patent infringement that did no more than make conclusory statements without providing the factual support to meet the *Iqbal/Twombly* standard); *SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-CV-1165-RWS, 2017 WL 1950810 at *1 (E.D. Tex. May 11, 2017) (explaining that "skeletal allegations" that merely list the statutory elements without providing any supporting facts "do not meet the particularized pleading requirements set forth in *Iqbal* and *Twombly* to sufficiently state a claim for relief").  For these reasons, the Complaint should be dismissed under Rule 12(b)(6), or, in the alternative, under Rule 12(b)(1) as explained in the Motion.

## III.   THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT PROCESS AND SERVICE OF PROCESS

After the Motion was filed, Defendant received Plaintiff's summons in the mail on January 6, 2020.  That was late under Federal Rule of Civil Procedure 4. Plaintiff's original complaint was filed September 20, 2019, and Plaintiff's 90-day deadline to effectuate service under Federal Rule of Civil Procedure 4(m) expired on December 19, 2019.  Moreover, Plaintiff has not shown good cause for the failure to serve Defendant properly within the time period provided in the rules. Accordingly, the Complaint should also be dismissed for insufficient process and service of process as discussed in the Motion.

## IV.   CONCLUSION

For all of these reasons, AT&T Corp. requests that the Court dismiss the Complaint with prejudice and grant AT&T all other relief to which it may be entitled.

Dated: January 13, 2020

Respectfully submitted,

*/s/ Scott W. Breedlove*
Scott W. Breedlove
Texas Bar No. 00790361
sbreedlove@carterarnett.com
Ruben Gandia
Texas Bar No. 24093472
rgandia@carterarnett.com
Minghui Yang
Texas Bar No. 24091486
myang@carterarnett.com
**CARTER ARNETT, PLLC**
8150 N. Central Expy, Fifth Floor
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214) 550-8185

**ATTORNEYS FOR AT&T CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2020, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by that system. A copy has also been sent via electronic mail and U.S. Mail to:

Mers Kutt
100 North Alamo
Marshall, Texas 75670
mk@merskutt.com

*/s/ Scott W. Breedlove*
Scott W. Breedlove