IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MERS KUTT | § | |
| | § | |
| V. | § | NO. 2:19-CV-316-RWS |
| | § | (ORAL ARGUMENT REQUESTED) |
| APPLE INC. ET AL | § | |

## MOTION TO DISMISS OF DEFENDANT DELL INC. AND ITS CEO

Defendant Dell Inc. and its CEO[1] file this Motion to Dismiss. Mr. Kutt's Complaint (Plaintiff's Amended Complaint [Dkt. 20]) against Dell Inc. and its CEO (the "Dell Defendants") should be dismissed because, even liberally construed, it falls far short of satisfying settled pleading standards, misjoins defendant Dell, and was not timely served. To pass muster under Rule 12(b)(1) or 12(b)(6),[2] a complaint must allege enough facts to state a claim to relief that is plausible on its face. Among other fatal procedural infirmities, Mr. Kutt's Complaint fails to do so.

Amidst a host of vague, conclusory, and irrelevant allegations, the Complaint purports to accuse Dell and its CEO of infringement of U.S. Patent No. 5,506,981 ("the '981 patent"). But the '981 patent expired more than six years ago, and as a result, injunctive relief is unavailable and any possible claims for damages are time-barred under 35 U.S.C. § 286. Courts routinely dismiss such time-barred claims.

This Court should therefore dismiss the claims against the Dell Defendants with prejudice.

---

[1] Although the Plaintiff's caption in its Amended Complaint purports to sue "Dell Inc., and CEO," Plaintiff does not identify the "CEO" by name anywhere in the Amended Complaint.
[2] Venue as to Dell Inc. and its CEO is also improper. Because of the nature of this case, the number of defendants herein, and to preserve judicial resources, Dell has not asserted improper venue as a basis for dismissal.

## I. BACKGROUND

Mr. Kutt is a serial litigant. As other Defendants herein have noted, he is a litigant in search of a court with a different outcome than his previously, wholly unsuccessful outcomes. The Complaint asserts the '981 patent against Dell and over 40 other defendants, with defendants divided into four Groups. Dell and its CEO are in the "Group B" defendants accused only of patent infringement. Complaint [Dkt. 20] at ¶¶ 213-236. Specifically, Mr. Kutt appears to accuse the Dell Defendants of direct infringement, inducement, and willfulness. *See, e.g.*, *id.* at 213-236.

Mr. Kutt appears to believe that every modern computing system infringes. *See, e.g.*, Compl. at p. 63-64 ¶ 222 (allegedly infringing products include "microprocessor chips, processors, mother- boards, logic boards, and personal computers in all form factors and sizes, as well as cell phones and other consumer products that include tinier versions of a PC"). As relief, Mr. Kutt seeks damages and a finding that this is an exceptional case warranting attorneys' fees under 35 U.S.C. § 285. Mr. Kutt does not seek injunctive relief.

## II. STATEMENT OF ISSUES

1. This Court should dismiss Mr. Kutt's patent-infringement claims with prejudice under Rule 12(b)(6) because the '981 patent expired more than six years before Mr. Kutt filed suit.

2. This Court should dismiss Mr. Kutt's claims with prejudice under Rules 12(b)(1) and 12(b)(6) because the allegations lack merit on their face.

3. This Court should also dismiss Mr. Kutt's Complaint for improper joinder of parties and a failure to timely serve Dell.

## III. ARGUMENT

Mr. Kutt's Complaint suffers from multiple flaws, including incurable defects for which

this Court should dismiss with prejudice. This suit should be dismissed now, at the threshold, to avoid further waste of judicial and party resources.

    **A.    Mr. Kutt's Claims Against the Dell Defendants Should Be Dismissed with Prejudice Under Rule 12(b)(6).**

Under Federal Rule of Civil Procedure 12(b)(6), a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557 (2007)). Rather, it must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (same).

Courts should dismiss complaints that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Bowlby*, 681 F.3d at 219. Any "factual allegations must be enough to raise a right to relief above the speculative level" and beyond a "sheer possibility" that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. These requirements apply to patent infringement actions just as much as they apply to other civil cases. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356–57 (Fed. Cir. 2007) (applying Rule 8(a) and *Twombly* to complaint for patent infringement).

    **1.    Mr. Kutt Cannot State a Claim for Relief under Patent Law Because the '981 Patent Expired More Than Six Years Before He Filed Suit.**

        **a.    The '981 Patent Expired on April 9, 2013.**

Mr. Kutt accuses the Dell Defendants of infringing a patent that expired more than six years ago. As the face of the '981 patent shows, the application for that patent was filed on October 1, 1993, as a continuation-in-part of a March 29, 1993 parent application, and the '981 patent ultimately issued on April 9, 1996.

The '981 patent was filed before June 8, 1995, so its term lasted for the greater of (a) 17 years from the date the patent issued, or (b) 20 years from its earliest effective filing date. 35 U.S.C. § 154(c)(1), (a)(2); MPEP § 2701. Since 17 years from April 9, 1996 (the issuance date), provided a greater patent term than 20 years from March 29, 1993 (the priority date), the term of the '981 patent expired 17 years after issuance, on April 9, 2013. *See* 35 U.S.C. § 154(c)(1); 35 U.S.C. § 154(a)(2); Robert A. Matthews, Jr., 1 ANNOTATED PATENT DIGEST § 9:18 (2019) ("If the patent arose from a continuation, continuation-in-part, or a divisional application, which claims the benefit of the earlier filing date of the United States parent application, the application filing date for purposes of calculating the patent term is measured from the filing date of the parent application."); *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17cv2479-GPC(BLM), 2018 WL 2229364, at *4–7 (S.D. Cal. May 16, 2018) (20-year term for a continuation-in-part is calculated from the filing date of the parent application). Mr. Kutt's alleged invention thus passed into the public domain on April 9, 2013, when it expired, and the patent can no longer be infringed. *See, e.g.*, 35 U.S.C. § 271 (infringement can only occur "during the term of the patent"); *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 230 (1964) ("[W]hen the patent expires the monopoly created by it expires, too, and the right to make the article—including the right to make it in precisely the shape it carried when patented—passes to the public.").

        **b.**      **Mr. Kutt Failed to Bring Suit Within Six Years of the Patent's Expiration.**

Mr. Kutt's claim for damages for infringement is time-barred because he filed suit more than six years after the patent expired. Although patentees may sue for past damages after a patent expires, the Patent Act allows damages only for infringement that occurred in the six years before the filing of the complaint: "Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286; *see also Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-CV-468, 2009 WL 2460985, at *2 (E.D. Tex. Aug. 10, 2009) ("A patentee can sue for damages up to six years after expiration."); *Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 52 (D.D.C. 2015) ("A plaintiff cannot recover for any infringing activity when the patent at issue expired more than six years prior to the filing of the [c]omplaint.") (internal quotation marks and citation omitted). Mr. Kutt's damages claims fall outside the recovery period because he filed suit in this Court on September 20, 2019 (Plaintiff's Original Complaint [Dkt. 1]), more than six years and five months after the patent expired on April 9, 2013.

Courts have repeatedly dismissed patent infringement claims that were brought more than six years after the patent expired. In *Hemphill v. Johnson & Johnson*, 919 F. Supp. 2d 48, 50 (D.D.C. 2013), for example, the district court calculated the 17- and 20-year terms under § 154(c)(1), considered the interplay between §§ 271 and 286, and concluded that all damages claims by the plaintiff were time-barred because the patent-in-suit had expired:

> The Plaintiff can only recover for infringing conduct that took place (1) before the patent expired; and (2) within six years of the date the complaint was filed. … Because the patent expired more than six years prior to the filing of the Complaint, as a matter of law, the Plaintiff cannot recover for any purportedly infringing conduct.

*Id.* at 50–51. The court thus dismissed the complaint under Rule 12(b)(6) on grounds that the

plaintiff's claims were untimely as a matter of law, *id.*, and the Federal Circuit affirmed, 550 F. App'x 890, 891 (Fed. Cir. 2014) (agreeing that "even if J & J had infringed the '720 patent before its expiration in 2002, recovery was time-barred when Hemphill sued in 2012."). In *Gharb*, the court similarly cited the six-year recovery period of § 286 and dismissed the complaint under Rule 12(b)(6) where plaintiff had filed more than 6 years after expiration of the patent-in-suit. 148 F. Supp. 3d at 52 ("Because the ... patent[-in-suit] expired on April 22, 2007, the six-year period in which Mr. Gharb could assert a valid claim for infringement and recover monetary damages elapsed on April 22, 2013. Therefore, Mr. Gharb's complaint ..., filed on March 2, 2015, [wa]s almost two years too late.").

    Other courts have reached the same conclusion on early summary judgment motions. In *Korsinsky v. Microsoft Corp.*, No. 04CV2695 (SLT)(LB), 2005 WL 1123769, at *3 (E.D.N.Y. Mar. 31, 2005), the defendant brought a motion to dismiss, which was converted into a motion for summary judgment because information outside the pleadings was necessary to determine whether the patent had expired for failure to pay maintenance fees. The district court granted summary judgment of non-infringement on grounds that "the six-year statute of limitations applicable to patent infringement actions has long since expired and Plaintiff's claim is now time-barred." The Federal Circuit affirmed. 198 F. App'x 931 (Fed. Cir. 2006). In *Owens v. Southland Mower Co.*, No. CIV-06-302-FHS, 2006 WL 2707683, at *2 (E.D. Okla. Sept. 18, 2006), the defendant first raised the defense in its Answer, then followed up with a summary judgment motion the following week, before any discovery occurred and when the case had been pending less than a month. The district court granted summary judgment for the defendant, holding that "a claim for patent infringement must be evaluated in light of the six-year damages limitations period set forth under 35 U.S.C. § 286" and that "since Owens' rights

6

in the '108 Patent expired prior to the six-year damages limitations provision of 35 U.S.C. § 286, Owens is barred from recovering damages for patent infringement."

The Court should therefore dismiss all of Mr. Kutt's claims against the Dell Defendants—whether for direct, indirect, or willful infringement—as untimely. *See, e.g.*, *Hemphill*, 550 F. App'x at 891 (upholding dismissal with prejudice under Rule 12(b)(6) where repeat *pro se* plaintiff brought suit more than six years after patent expiration).

### 2. To the Extent Mr. Kutt Asserts Any Non-Patent Claims Against the Dell Defendants, Those Claims Should Also Be Dismissed.

Mr. Kutt appears to assert only patent claims against Dell and its CEO. Dell and its CEO are listed as "Group B" defendants, and those defendants are only accused of direct, indirect, and willful patent infringement. Although the Complaint includes generalized allegations of "criminal acts," "scams," and "secrets and lies" supposedly perpetrated by various defendants, these do not appear to be formal causes of action, and in any case do not satisfy the pleading requirements of *Twombly* and *Iqbal*. To the extent the Court concludes that Mr. Kutt has alleged any non-patent causes of action against Dell or its CEO, those claims should also be dismissed under Rule 12(b)(6).

### B. Alternatively, the Complaint Should Be Dismissed for Additional Grounds Under Rule 12(b)(6)

Dismissal of a complaint under Rule 12(b)(6) is appropriate if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 12(b)(6) dismissal is also appropriate when claims are "clearly baseless, including claims describing fantastical or delusional scenarios." *Starrett v. United States Dep't of Def.*, 763 F. App'x 383, 383-84 (5th Cir. 2019) (internal quotations omitted). This Court and others have

7

dismissed implausible allegations with prejudice, and without an opportunity to replead. *See, e.g.*, *Johnson v. Zuckerberg*, No. 2:17-CV-00261-JRG-RSP, 2017 U.S. Dist. LEXIS 187293, at *4 (E.D. Tex. Oct. 7, 2017) (noting that a complaint may be dismissed where it contains allegations that are "fanciful, fantastic, and delusional," or when the factual allegations "rise to the level of the irrational or the wholly incredible") (internal quotations omitted).

Plaintiff's complaint is dotted with allegations of a vast hidden conspiracy comprised of Dell and other defendants in this case. The conspiracy—a "scam" of "secrets and lies"—threatens "the survival of the world" and is said to be the underlying cause of "nuclear warfare," "terrorists," and "global warming." The conspirators are also alleged to have committed vague and unspecified violations of antitrust laws, breach of agreements, obstruction, and theft. For this alleged conduct, Plaintiff claims he is owed hundreds of billions of dollars in damages. These are fantastical or delusional allegations, the kind of which are appropriate for dismissal under Rule 12(b)(6). As this Court recognized in *Johnson*, even a *pro se* plaintiff has no license to file suits that "harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Johnson*, 2017 U.S. Dist. LEXIS 187293, at *2.

Further, the Complaint provides no fair and reasonable notice of what is accused of infringement, much less any explanation of how any Dell product infringes. The Complaint contains not a single allegation directed specifically to Dell; rather, it lumps Dell with numerous other Defendants in a purported "Group B" and alleges the group as a whole infringes by making, using, and selling unspecified PCs and smart consumer products. None of this meets the pleading requirements of *Iqbal* and *Twombly*. *See Chapterhouse LLC v. Shopify, Inc.*, No. 2:18-CV-300- JRG, 2018 WL 6981828, *1 (E.D. Tex. Dec. 11, 2018) (dismissing complaint for patent infringement that did no more than make conclusory statements without providing the

factual support to meet the *Iqbal/Twombly* standard). A single conclusory statement accusing an amorphous group of patent infringement upon information and belief without any supporting factual allegations is simply insufficient to satisfy the pleading standard or provide fair notice. *See Security Profiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-CV-1165-RWS, 2017 WL 1950810 at *1 (E.D. Tex. May 11, 2017) ("[S]keletal allegations" that merely list the statutory elements without providing any supporting facts "do not meet the particularized pleading requirements set forth in *Iqbal* and *Twombly* to sufficiently state a claim for relief."). The Complaint lacks any basic explanation of how Dell infringed the '981 patent or otherwise wronged Plaintiff and should be dismissed under Rule 12(b)(6).

  **C. Alternatively, the Complaint Should Be Dismissed Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction**

In the alternative to Rule 12(b)(6) dismissal, the Complaint should be dismissed under Rule 12(b)(1) for lack of federal subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate where the allegations lack merit on their face. *See Smith v. Osborne*, No. 4:18-CV-906-ALM, 2019 WL 4383337, at *2-3 (E.D. Tex. Aug 18, 2019), *report and recommendation adopted*, 2019 WL 4345735 (E.D. Tex. Sept. 12, 2019). Plaintiff alleges he is the victim of a vast conspiracy between giant companies and academics like IEEE that are "keeping secrets and spreading lies" to "rewrite history" and "hoard patents." These conspiracy theories based upon farfetched and tenuous allegations are just like those dismissed in *Smith* as "clearly outside the realm of reality." *Smith*, 2019 WL 438337, at *3 (dismissing complaint that alleged a conspiracy involving public officials, federal agencies, coworkers, and neighbors). Dismissal of the Complaint under Rule 12(b)(1) is alternatively warranted.

  **D. The Complaint Should Be Dismissed for Misjoinder.**

"[A]ccused infringers may not be joined in one action as defendants ... based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b). Under 35 U.S.C. § 299(a), accused infringers may only be joined if:

9

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

Mr. Kutt's Complaint contains no facts that indicate that his claim against Dell arises out of the same transaction or occurrence or that common questions of fact will arise with the claims against the other Defendants. To the contrary, the Complaint alleges that the infringing products include "microprocessor chips, processors, motherboards, logic boards, and personal computers in all form factors and sizes, as well as cell phones and other consumer products that include tinier versions of a PC," Compl. ¶ 222. Because Mr. Kutt accuses each defendant of infringement based on its own product offerings, with no showing of similarity between them, Dell has been improperly joined with over 40 other Defendants.

This Court has the authority to dismiss based on improper joinder. "If parties are 'misjoined' under § 299, then Fed. R. Civ. P. 21 provides a remedy. 'On motion or on its own, the court may at any time, on just terms, add or drop a party.'" *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 287 F. Supp. 3d 651, 653 (E.D. Tex. 2018) (internal citation omitted); *see also Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, No. 8:12-CV-1153-ODW(MRWx), 2012 WL 4513805, at *5 (C.D. Cal. Oct. 1, 2012) (granting motion to sever and dismiss). The Court should exercise its authority and dismiss the case.

Dismissal is appropriate here because severance and transfer would be impracticable and would not serve the interests of justice. *See* 28 U.S.C. § 1406. Mr. Kutt has sued over 40 corporate defendants, in addition to several of their CEOs and other individuals. Severing the

cases and transferring to the proper venues would require a venue analysis for every defendant. The Court should not be burdened with this analysis. The appropriate remedy is dismissal.[3]

Notably, Mr. Kutt has already been cautioned twice about improper venue and misjoinder. *See* Nos. 1:15-cv-01657-LMB-IDD (E.D. Va.), D.I. 12 (Dec. 17, 2015); 1:17-cv-00081-LMB-IDD (E.D. Va.), D.I. 6 (Jan. 24, 2017). In both cases, Mr. Kutt filed a complaint substantially similar to the Complaint here. And in both cases, the Eastern District of Virginia dismissed Mr. Kutt's complaint for improper venue and misjoinder. No. 1:15-cv-01657-LMB-IDD (E.D. Va.), D.I. 12 (Dec. 17, 2015) (dismissing complaint *sua sponte* for misjoinder under 35 U.S.C. § 299 and improper venue where defendants "range from major technology companies to big box and online retailers to plaintiff's condominium association and building managers, [and] are not alleged to have taken part in the same transaction or occurrence" and "not one of the 39 named defendants is headquartered in this district or resides in this district"); Order, 1:17-cv-00081-LMB-IDD (E.D. Va. Jan. 24, 2017), ECF No. 6 (dismissing complaint *sua sponte* because the suit was "nearly identical" to Mr. Kutt's earlier suit and the complaint "suffers from the same defects as were pointed out to plaintiff in that dismissal Order").

Mr. Kutt's Complaint here suffers from the same defects that were twice fatal to his case in the Eastern District of Virginia.

### E. The Complaint Should Be Dismissed Under Rule 12(b)(5) For Failure to Properly Serve

Plaintiff's original complaint was filed September 20, 2019, and Plaintiff's 90-day deadline to effectuate service under Federal Rule of Civil Procedure 4(m) expired on December

---

[3] Although "[m]isjoinder of parties is not a ground for dismissing an action" in its entirety, Fed. R. Civ. P. 21, the Court here could dismiss as to all but the first-named party based on misjoinder, then evaluate venue for the remaining party (Apple Inc.).

19, 2019.  Dell was not served until December 26, 2019.  Because Dell was not properly served within 90 days of the filing of this lawsuit, dismissal is appropriate.  See Fed. R. Civ P. 4(m); *Styles v McDonalds Rest.*, No. 4:17-cv-791-ALM CAN, 2019 WL 2266636, at *5 (E.D. Tex. Jan. 28, 2019), report and recommendation adopted, 2019 WL 1219117 (E.D. Tex. Mar. 15 2019) (granting motion to dismiss under Rule 12(b)(5) for failure to properly serve the defendant).

## IV.    CONCLUSION

Dell and its CEO respectfully request that this Court dismiss Mr. Kutt's claims with prejudice under Rules 12(b)(1), 12(b)(5), and/or 12(b)(6).

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No.  00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of January, 2020,  all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Deron R. Dacus*
Deron R. Dacus